DUCKER, JUDGE:
Claimants, Virgil Donald Seebaugh and Ava Marie Seebaugh, husband and wife, residents of Route 2, Parkersburg, West Virginia, owners of property located on what is known as Lost Pavement (State Route No. 38) three miles from Gihon Road, outside of City Limits of Parkersburg, West Virginia, allege that they have been damaged in the amount of $4,191.00 by reason of blasting operations of the respondent adjoining property of claimants on December 27, 1971, and by reason of a breach of contract in the form of an easement agreement with the respondent dated September 21, 1966.
The first count alleges blasting damages amounting to a total of $1,549.00 to the roof of the house, the ceilings in three rooms, two pear trees, fences on both sides of the road, and removal of blasting wire and a land slip in the barn field.
The second count specifies damages in the amount of $2,642.00 for an alleged breach of an easement agreement of 1966 by the respondent in destroying a fence which had to be rebuilt, damaging a meadow which had to be reseeded, leaving unleveled and not removed an embankment, and removing fill dirt and not placing it in claimants’ field.
The evidence offered by the claimants consisted of the testimony of the claimants, and a witness who lived about three miles from the claimants’ property who said she had heard the blasting and had seen the property both before and after the blasting. The evidence of the respondent consisted of the testimony of two employees of the respondent who were present at the time of the blasting, and a long time resident of the area who lived about a quarter of a mile from *205 claimants’ property. Respondent introduced several photographs of claimants’ property.
The evidence of the claimants and of the respondent as to the first count is in direct conflict, and the evidence as to the second count, except as to one witness for claimants whose testimony is not very satisfactory, contains little or no corroboration. The issues of the two counts are factually such that they must be treated separately for decision. The question of the applicability of the statute of limitation is to be considered as to the breach of contract alleged in the Second Count of the petition.
As to claim in the first count totaling $1,549.00 as damages for the blasting operations of the respondent which occurred in December 1971, this Court has repeatedly held that where there was damage done to property as the result of blasting the persons whose property was so damaged should be compensated for their loss. Such work cannot be done at the expense of others. However, the evidence must be clear that the blasting actually caused the damage and that the amount of damage is correct.
As to the act of blasting, claimants produced no witnesses who were present at the time of the blasting, while respondent produced three witnesses who were so present. It is difficult to believe that there could have been as many rocks in the yard and field as stated by claimants if there had been no blasting, in view of the testimony of respondent’s witnesses present at the time of blasting to the contrary, and specifically that no rocks fell on the house. The house of claimants as shown in the pictures introduced, appears to be one which was in a poor state of repair, if not in a delapidated condition. The rocks in the yard had apparently been removed when the pictures were taken.
The testimony of the claimants as to costs of material and labor is most unsatisfactory, being mostly estimates of the claimants, conjectural in kind and without corroboration. Assuming that the evidence of the claimants as to the damage having been caused by the blasting, we cannot base an award on the figures specified by claimants. Furthermore, we are confronted with the conflict in the evidence. In view of such conflict in the evidence and the other apparent facts, we cannot give unquestionable credibility to the testimony of the claimants, although we are disposed to believe some amount of *206 damage was caused by the blasting even without the knowledge of the respondent’s witnesses. In such case, this Court must try to reach some fair conclusion despite the absence of positive and acceptable calculations. As a fair settlement, this Court reaches the conclusion that it will award on the first count, the sum of $750.00.
As to the second count of the claimants’ petition, the claim for breach of contract based upon the easement granted to the respondent on September 21, 1966, the record shows that this claim was filed in this Court on April 24, 1972. The respondent has answered with the defense that the petition fails to state a cause of action, that the claim is barred by the five year statute of limitations and that the damages alleged are excessive, speculative and conjectural.
Incidentally, it seems reasonable to this Court to think that if the respondent had failed to live up to its obligations under the easement agreement, the claimants would not have waited over five years and after the blasting before asserting their claim for breach of the easement agreement, and that the claim for damages under the easement agreement may have been more or less an afterthought.
We cannot agree to the position taken by claimants that the damage is in the nature of a continuing or recurring trespass, as the obligations of the respondent were specific and if not done in a reasonable time, the claimants could have attempted in this Court to enforce their rights, or if their land was taken proceed by mandamus to compel condemnation proceedings by the respondent.
The plea of the statute of limitations must be seriously considered. The easement for the work evidently contemplated was to be in a reasonable time, and after the expiration of that time, the right to sue would accrue and the period of limitation begin. The record is not clear as to such time and we can only be guided by the date of the agreement and a reasonable time thereafter. We are of the opinion that the time of the statute had elapsed when this claim was filed in this Court.
As to the applicability of the statute, Code 55-2-6, we are of the opinion that that statute applies, because the ten year statute specifies that the written contract sued on must have been “signed by the party to be charged thereby”, otherwise the statute would be nullified. West Virginia C & P. R. Co. v. McIntyre, 44 W. Va. 210, 28 S. E. 696. This case is to be distinguished from cases which hold that cove *207 nants in a lease agreement bind assignees of leases for ten years, because the Courts have considered the signing of a lease by the lessee as adequate and sufficient to bind the assignee of the lease inasmuch as the assignee was receiving all the benefits which the lessee, assignor, was entitled to. While it would seem the same rule should apply to an assignee who held his assignment without having signed the assignment, in such cases the courts held that statutes of limitations should be construed literally.
Whether our decision of the applicability of the statute of limitations in this case is correct or not, we are of the opinion that claimants’ evidence in support of the second count of his claim is too conflicting and conjectural to support an award on that count.
We are, therefore, of the opinion to, and do hereby award the claimants the sum of $750.00 on the first count of their petition, and deny any award on the second count.
Award of $750.00.